Meyers, J.,
dissenting
While the majority hojds that Appellant failed to preserve his Fourth Amendment complaint, I disagree. I believe that the court of appeals properly set out the law and that, once the defendant established that the search was conducted without a warrant, the burden became the State’s to show that the searcli was reasonable without a warrant. State v. Robinson, 334 S.W.3d 776, 778-79 (Tex.Crim.App.2011). It is the State’s burden to "show why the warrantless blood draw was reasonable; not the defendant’s to prove that the war-rantless action was unreasonable. Appellant had no burd,en to show lack of exigent circumstances, and he did not abandon his Fourth Amendment claim simply because the suppression hearing focused on Section 724.012 of the Texas Transportation Code.
For these reasons, I would affirm the judgment of the court of appeals and, therefore, I respectfully dissent.